LILES, Judge.
Certain chattels were levied upon for the purpose of sale to satisfy appellant’s judgment against appellee McFadyen. McFad-yen then regained possession of the property with a forthcoming bond issued pursuant to Section 56.12, Fla.Stat., F.S.A. The issuance of the bond was conditioned upon appellee’s “have[ing] said property forthcoming at the courthouse” in Sarasota County on the day of the sale.
Appellant herein appeals from an interlocutory order denying his motion to compel the Sheriff to return said forthcoming bond as forfeited.
Appellant maintains, and we agree, that the chattels were not “produced” at the courthouse as required by the bond and by Section 56.13, .Fla.Stat., 1967, F.S.A.
Section 56.13, Florida Statutes, F.S.A., is quoted as follows:
“Should the execution remain unpaid and the parties to the bond fail to produce such property by the day specified, said bond shall be returned to the court from which the execution issued, as forfeited.” (Emphasis added.)
The judgment-debtor, appellee McFadyen, wrote a letter to the Sheriff which the latter received immediately preceding the sale. That letter said, “I am hereby producing said property this date, said property being located at 1275 (1278) North Palm Avenue, Sarasota, Florida, pursuant to your notice of sale to be held December 9, 1968, of all property at 1275 (1278) North Palm Avenue.”
The letter quoted above was appellee Mc-Fadyen’s sole attempt at “producing said property” and the issue here is whether or not the letter is in and of itself enough to comply with the terms of the statute.
Black’s Law Dictionary defines “produce” as a verb which means to “bring forward; to show or exhibit; to bring into view or notice * * Therefore, it would seem that a letter from one of the parties to the bond, namely McFadyen, declaring that the property is thereby produced is no production so as to comply with the terms of the statute.
There was also no showing that the chattels were such as to be not easily moved or too expensive to move so as to require the sale to be held at the North Palm Avenue address. See F.S. 56.23, F.S.A.
Accordingly, we reverse and remand with directions to have the bond forfeited pursuant to Section 56.13, Fla.Stat., F.S.A.
Reversed and remanded.
HOBSON, C. J., and MANN, J., concur.